**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**MICHAEL D. STURGILL,**      )
      **Petitioner,**      )
            )
**v.**      )      **CIVIL ACTION NO. 5:19-00063**
            )
**D.L. YOUNG, Warden,**      )
      **Respondent.**      )

## PROPOSED FINDINGS AND RECOMMENDATION

On January 25, 2019, Petitioner, an inmate formerly incarcerated at FCI Beckley and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 3.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## FACT AND PROCEDURE

On January 25, 2019, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Document No. 3). Petitioner alleges that the Bureau of Prisons ["BOP"] is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner argues that he came into Federal custody on June 2, 2015, but the BOP did not begin the computation of his Federal sentence until September 27, 2017. (Id.)

By Order entered on January 29, 2019, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

March 12, 2019, Respondent filed his Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on September 29, 2017" (Id., pp. 5 - 8.); and (2) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 9 - 10.). On April 18, 2019, Petitioner filed his Reply. (Document No. 13.) Petitioner continued to argue that he remained in Federal custody from June 2, 2015, until February 10, 2017 (847 days). (Id.) Petitioner complains that "he has not received Federal credit for the about 847 days. (Id.) Furthermore, Petitioner notes that Respondent incorrectly states the date of his Federal sentencing as being October 12, 2016, instead of February 7, 2017. (Id.)

On April 29, 2019, Respondent filed his "Amendment to Response to Order to Show Cause." (Document No. 16.) Respondent acknowledges that the Response, and the Affidavit of Correctional Programs Specialist Dawn Giddings, contained a typographical error concerning the date of Petitioner's Federal sentencing. (Id.) Respondent, however, states that "[t]he typographical error amounts to harmless error because the correct date of February 7, 2017, was used in the sentencing computation for determining Petitioner's credit for time served." (Id.) As an Exhibit, Respondent attaches Ms. Giddings' amended Declaration. (Document No. 16-1.)

On June 3, 2019, Petitioner filed his "Memorandum of Law in Support of Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241." (Document No. 19.) Petitioner again contends that his Federal sentence should have commenced in June 2015, when he was taken into Federal detention. (Id.) Although Petitioner acknowledges that he was arrested by State authorities on or about April 17, 2015, Petitioner argues that he posted bond for his State charges on or about June 4, 2015. (Id.) Petitioner states that he was "placed on 'hold' for the United States Marshals Service

2

to be transferred so that he could answer federal charges pending in the United States District Court for the Eastern District of Kentucky." (Id.) Petitioner, therefore, argues that the State authorities relinquished primary jurisdiction, and federal custody commenced, when Petitioner posted bond on his State charges on or about June 4, 2015. (Id.)

By Order entered on September 18, 2019, the undersigned directed Respondent to file a Response to Petitioner's claim that the State relinquished primary jurisdiction on or about June 4, 2015, when Petitioner posted bond on his State charges. (Document No. 22.) On September 23, 2019, Respondent filed his Response acknowledging that the State relinquished primary jurisdiction on June 2, 2015. (Document No. 23.) Respondent further states that Petitioner's sentence computation has been updated. (Id.) Specifically, Petitioner's Federal sentence has now been deemed to have commenced on February 7, 2017 (the date his Federal sentence was imposed). (Document No. 23-1.) Additionally, Petitioner has been granted 616 days of prior custody credit for the time period of June 2, 2015 (the date the Federal arrest warrant was executed), until February 6, 2017 (the day prior to the imposition of his Federal sentence). (Id.) Therefore, Respondent states that Petitioner's Petition should now be dismissed as moot because Petitioner has been granted his requested relief. (Document No. 23.)

By Order entered on September 24, 2019, the undersigned directed Petitioner to file a Reply to Respondent's Response specifically addressing whether he agrees that his Section 2241 Petition is now moot. (Document No. 24.) On October 10, 2019, Petitioner filed his Reply acknowledging that his Petition is now moot. (Document No. 25.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as

moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). As stated above, the BOP has now recalculated Petitioner's sentence and granted Petitioner his requested relief. Both parties acknowledge that the above matter is now moot. Accordingly, Petitioner's claims are rendered moot by virtue of Respondent's recalculation of Petitioner's sentence computation, and therefore, his Section 2241 Application must be dismissed as moot.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS as moot** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 3), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

4

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: October 15, 2019.

Omar J. Aboulhosn
United States Magistrate Judge